IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Edw. C. Levy Company, Inc., ) | | |
| Levy Indiana Slag Co., and Edw. C. Levy ) | | |
| Co. d/b/a The Levy Company, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | NO. 2:07-CV-153 PS | |
| v. ) | | |
| ) | | |
| International Union of Operating Engineers, ) | | |
| Local 150, AFL-CIO, ) | | |
| ) | | |
| Defendant. ) | | |

**OPINION AND ORDER**

Plaintiffs Edw. C. Levy Company, Inc. ("ECL"), Levy Indiana Slag Co. ("LISCO") and Edw. C. Levy Co. d/b/a The Levy Company ("Levy") filed this action under the Labor Management Relations Act, 29 U.S.C. § 187 ("LMRA"), seeking damages for alleged unfair labor practices on the part of Defendant International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150"). Specifically, Plaintiffs allege that Local 150 has induced or encouraged union members who work for companies that use Plaintiffs' slag product to refuse to handle the product, with the objective of forcing Plaintiffs' customers to stop doing business with Plaintiffs. *See* 29 U.S.C. § 158(b)(4). Before the Court is Defendant's partial motion to dismiss Plaintiffs' amended complaint, or in the alternative, a motion for a more definite statement. [DE 19.] For the reasons that follow, Defendant's motion is denied.

**I. BACKGROUND**

Plaintiffs operate slag and steel mill services facilities in East Chicago, Gary, and Portage, Indiana. (Am. Compl. ¶¶ 4-6.) According to the Amended Complaint, Local 150 at one time had collective bargaining agreements with each of the Plaintiffs. (*Id*. ¶¶ 8-10.) Local 150's

agreement with Levy expired in March 2005, and after negotiations toward a new agreement reached impasse, Local 150 initiated a strike. Plaintiffs allege that the strike extended to LISCO and ECL, even though those two entities were still covered by their own collective bargaining agreements, each of which contained "no-strike" clauses. (*Id*. ¶¶ 9-10.) This issue has been the subject of litigation in a separate case before this Court. *Levy Indiana Slag Co. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, No. 2:05cv344.

Meanwhile, according to Plaintiffs, Local 150 has also been inducing or encouraging individuals employed by other businesses to refuse to handle Plaintiffs' products. (*Id*. at 12.) For example, Plaintiffs allege that on several occasions in April 2007, employees of Rieth Riley refused to handle shipments of Plaintiffs' slag. (*Id*. ¶¶ 17, 20-21.) One Rieth Riley employee who was a member of Local 150 even resigned rather than handle Plaintiffs' products, claiming that the union threatened him with loss of his pension and union card if he did so. (*Id*. ¶ 21.) Plaintiffs also allege that a union employee of DLZ Engineering refused to perform density testing on LISCO slag (*Id*. ¶ 18), and that union members on Walsh & Kelly job sites told their foremen that Local 150 had directed them not to handle Plaintiffs' slag (*Id*. ¶ 19). Plaintiffs allege that Local 150 took this course of action in order to force Plaintiffs' customers to stop using, selling, handling, transporting, or otherwise dealing in Plaintiffs' products. (*Id*. ¶ 25.)

Defendant moves for a partial dismissal of Plaintiffs' amended complaint for failure to state a claim upon which relief can be granted, or alternatively, for a more definite statement.

## II.  DISCUSSION

### A.  Rule 12(b)(6) Motion

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In the Rule 12(b)(6) context, a district court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).  If the plaintiff can prove no set of facts that would entitle him to relief, dismissal under Rule 12(b)(6) is appropriate.  *Hernandez v. City of Goshen, Ind.,* 324 F.3d 535, 537 (7th Cir. 2003).

Federal notice pleading requires only a short plain statement that provides the defendant with fair notice of the claim and the grounds upon which it rests.  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  Pleadings in federal court need not allege facts corresponding to each element of a statute.  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . . ' should stop and think:  What rule of law requires a complaint to contain that allegation?"  *Doe*, 429 F.3d at 708.  A plaintiff receives the benefit of "any fact that could be established later consistent with the complaint's allegations."  *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006).

Local 150 argues that Plaintiffs have failed to state a claim upon which relief can be granted.  First, Defendant claims that ECL and Levy have pled themselves out of court, because the amended complaint did not specifically allege that union members refused to handle slag made by those two entities.  Instead, except for a single allegation relating to LISCO slag, the

3

amended complaint repeatedly refers to "'Plaintiffs' slag product' without any affirmative allegation that the source of any of the product is ECL or TLC . . . ."  (Def's Mem. at 2.)

Defendant's argument misses the mark.  To state a claim for relief under 29 U.S.C. § 187, Plaintiffs must plead that 1) employees were induced; 2) to engage in a strike or concerted refusal to handle material; 3) with the object of forcing or requiring their employer or another person to cease doing business with a third person.  *Local 1976, United Bhd. of Carpenters v. NLRB*, 357 U.S. 93, 98 (1958).  The amended complaint contains exactly such allegations.  Morever, the amended complaint provides specific instances of Defendant's allegedly unlawful conduct – certainly enough to put Local 150 on notice of Plaintiffs' claims against it.  Plaintiffs are three related entities, all of which make slag product.  Defendant even acknowledges that "[i]n other litigation . . . the three Plaintiff companies have admitted or been found to be 'alter egos' of each, essentially managed as a single operation."  (Def.'s Mem. at 3, n.1.)  It is reasonable to infer that when the term "Plaintiffs' slag" is used, it refers to the product of all three plaintiffs.   Nothing in the Federal Rules require them to allege which particular entity produced the slag that Local 150 members refused to handle on any given date.  If, in the course of discovery, it becomes evident that one or more of the Plaintiffs was not a target of Defendant's allegedly unlawful conduct, those Plaintiffs may be dismissed.  At this stage, however, Plaintiffs have clearly stated a claim.

Local 150 also argues that even though Paragraph 18 of the amended complaint explicitly mentions the refusal of a DLZ Engineering employee to handle LISCO slag, LISCO has pled itself out of court because the complaint does not allege that the DLZ employee was unlawfully induced or encouraged by Local 150.  Local 150 thus not only moves to dismiss LISCO for failure to state a claim, but also moves to dismiss Paragraph 18.  Defendant moves to dismiss

Paragraph 20 on the same grounds.  Paragraph 20 alleges that a Rieth Riley operator who belonged to Local 150 refused to handle Plaintiffs' product, but it does not specifically allege that Local 150 induced that employee to do so.

Defendant's argument is frivolous.  On a Rule 12(b)(6) motion, a court evaluates whether the complaint as a whole fails to state a claim, not whether an individual allegation asserts all of the necessary elements of a claim.  As discussed above, the whole of the complaint states a claim.  Insofar as Defendant moves to "dismiss" individual paragraphs of the amended complaint, its motion is best construed as a motion to strike.  Under Rule 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, the basis for Defendant's motion to strike Paragraphs 18 and 20 is not that they contain irrelevant matter, but that they contain matter which, by itself, would not entitle Plaintiffs to relief.  Again, Defendant fails to provide any reason why the Court should read those allegations in a vacuum.  Paragraphs 18 and 20 help establish that members of Local 150 repeatedly refused to handle material made by one or more of the Plaintiffs.  Other allegations explicitly allege that the union members refused to handle the material because Local 150 specifically directed them not to.  (*Id*. ¶¶ 16-17, 19, 21.)  Defendant's motion to dismiss is denied.

## B.  Motion for More Definite Statement

Rule 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  A motion for more definite statement should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in

5

question." Fed. R. Civ. P. advisory committee's note.

Local 150 asks that Plaintiffs be ordered to set forth specific information about the incidents described in the amended complaint, such as "[w]hich Plaintiffs delivered slag to Rieth Riley; who from Local 150 allegedly observed the delivery; and to what Rieth Riley job site was the material delivered." (Def.'s Mem. at 5.) Defendant insists that this information is necessary for proper identification of the parties, persons involved, and locations where conduct allegedly occurred, as well as for notice of the specific damages claimed by each Plaintiff. (*Id.* at 6.)

While the information that Defendant seeks is certainly relevant, Plaintiffs are simply not required to put all relevant information into their complaint. To the contrary, Rule 8(a) requires plaintiffs to limit themselves to a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint provides sufficient notice in order for Defendant to reasonably frame an answer, and the information Defendant seeks can be obtained in the course of discovery. Thus, while Plaintiffs have not opposed Defendant's motion for a more definite statement, the motion is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss Plaintiffs' amended complaint and its motion for a more definitive statement [DE 19] are **DENIED**.

**SO ORDERED.**

ENTERED:  October 16, 2007

>   s/ Philip P. Simon
>   PHILIP P. SIMON, JUDGE
>   UNITED STATES DISTRICT COURT